UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SARAH PECK; J.P., by and through her )
Next Friend, SARAH PECK; and S.P., by )
and through his Next Friend, SARAH PECK, )
)
Plaintiffs, )
)
v. ) No. 4:19CV326 RLW
)
COUNTRY PREFERRED INSURANCE )
COMPANY, )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Remand to State Court by Plaintiffs Sarah Peck and minors J.P. and S.P. by and through their Next Friend Sarah Peck (collectively "Plaintiffs"). (ECF No. 8) The motion is fully briefed and ready for disposition.

### I. Background

On February 11, 2010, Plaintiffs filed a Petition in the Circuit Court of the City of St. Louis against Defendant Country Preferred Insurance Company ("Country Preferred"). (Pet., ECF No. 4) Plaintiffs allege Breach of Contract for Underinsured Motorist Benefits and Vexatious Refusal to Pay underinsured motorist benefits stemming from a vehicle accident that resulted in the death of Plaintiff Sarah Peck's husband, Adam Peck. Each Plaintiff seeks an amount for individual damages not to exceed $75,000. (*Id.* at ¶¶ 19, 21, 23) Plaintiffs also seek declaratory judgment that the policy at issue provides coverage.

Defendant Country Preferred removed the case to federal court on February 28, 2019, invoking this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Notice of Removal, ECF No. 1) Country Preferred asserts that the Court has diversity jurisdiction because

Plaintiffs are citizens of Missouri, and Defendant is an insurance corporation organized and existing under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois. (*Id.* at ¶¶ 9-10) Further, Country Preferred contends that the damages sought by Plaintiffs are in excess of $75,000, exclusive of interest and costs. (*Id.* at ¶ 11)

On April 1, 2019, Plaintiffs filed a Motion to Remand to State Court, asserting that none of the individual claims seeks an amount greater than $75,000. Plaintiffs claim Country Preferred has failed to meet its burden of proving that the amount in controversy exceeds $75,000. Thus, Plaintiffs argue federal diversity jurisdiction is absent in this cause of action such that the case should be remanded to the Circuit Court of the City of St. Louis, Missouri.

## II. Discussion

In removal cases, the Court reviews the state court petition and the notice of removal in order to determine whether it has jurisdiction. *Branch v. Wheaton Van Lines, Inc.*, No. 4:14-CV-01735-AGF, 2014 WL 6461372, at *1 (E.D. Mo. Nov. 17, 2014) (citing 28 U.S.C. § 1446(c)(2)(A)(ii)). Diversity jurisdiction exists where a civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Defendant has the burden of proving that the prerequisites to jurisdiction are satisfied. *Branch*, 2014 WL 6461372, at *1. "A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction." *Hrastich v. Advance Auto Parts, Inc.*, No. 4:14-CV-22-JAR, 2014 WL 3341121, at *1 (E.D. Mo. July 8, 2014) (citing 28 U.S.C. § 1447(c)).

"To meet its burden with regard to the jurisdictional amount, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* at *2 (citations omitted). "Removal statutes are strictly construed and all doubts about the propriety of removal must be resolved in favor of remand." *Jackson v. Fitness Resource Grp.*,

*Inc.*, No. 4:12 CV 986 DDN, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012) (citations omitted).

In removal cases, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks nonmonetary relief; or a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). Where, as here, "the state court petition seeks an unspecified amount of damages, the court must make a factual inquiry into the amount-in-controversy issue." *Jackson*, 2012 WL 2873668, at *2 (citations omitted).

In Plaintiffs' motion for remand, memorandum in support, and reply memorandum, Plaintiffs argue that Country Preferred has failed to show by a preponderance of evidence that the amount in controversy exceeds $75,000. However, Country Preferred contends the policy limit is $100,000, and in an action for declaratory judgment, the amount in controversy is measured by the object of the litigation. Further, Country Preferred claims that Plaintiffs' separate claims for less than $75,000 for each Plaintiff may be aggregated to satisfy the jurisdictional amount. Thus, Country Preferred asserts that it has met its burden of proving diversity jurisdiction.

Plaintiffs, on the other hand, argue their individual claims may not be aggregated because each claim is personal to each Plaintiff. Further, Plaintiffs contend Count III of the Petition is merely seeking declaratory judgment as to whether Country Preferred's uninsured motorist policy affords coverage.

First, the Court finds Country Preferred has not met its burden of showing that the amount in controversy exceeds $75,000 with respect to its argument that the value of the object

3

of the litigation, or $100,000, is the amount in controversy. Country Preferred asserts Plaintiffs' request for a declaration of the amount of coverage demonstrates the amount in controversy would be the $100,000 policy limit. However, the Court notes "[i]t is not axiomatic that the amount in controversy is met if the policy limit exceeds $75,000. If the substance of the declaratory judgment seeks to determine whether an insurance policy itself is valid, then the policy limit is, essentially, the value of the object of the litigation." *Hartford Ins. Co. of Midwest v. Wyllie*, No. 4:04 CV 1537 DDN, 2005 WL 902776, at *2 (E.D. Mo. Mar. 28, 2005) (citing *Home Ins. Co. of N.Y. v. Trotter,* 130 F.2d 800, 803 (8th Cir. 1942)). On the other hand, where an action for declaratory judgment seeks to determine whether an occurrence is covered under the policy, the court must look to the underlying claim. *Id.* at *3.

Review of Plaintiffs' claim demonstrates they seek a declaration as to whether the policy provides coverage, and if so, the amount of coverage. (ECF No. 4 pp. 10-11) Plaintiffs do not seek a declaration regarding the validity of the policy. Reviewing the underlying claims in this matter, the Court finds each individual Plaintiff seeks an amount not to exceed $75,000. Therefore, Count III of the Petition seeking declaratory judgment does not satisfy the amount-in-controversy requirement simply by virtue of the $100,000 policy limit. *See Wylie*, 2005 WL 902776, at *3 ("To reason that the policy limit reflects the amount in controversy would essentially "federalize" any action concerning an insurance policy with limits greater than $75,000 regardless of the claim for damages. Such a holding is incongruous with the principle of limited jurisdiction in federal courts."); *see also Fainer v. State Farm Mut. Auto. Ins. Co.,* No. 4:08CV1536 AGF, 2009 WL 911724, at *2 (E.D. Mo. Apr. 1, 2009) ("[T]he coverage limit of the insurance policy at issue here is insufficient in itself to establish that the amount in

4

controversy exceeds the jurisdictional amount required for diversity jurisdiction. Instead, the Court must look to the substance of Plaintiff's claim.").

Country Preferred also argues the amount in controversy may be aggregated in this action such that the amount in controversy exceeds $75,000. County Preferred reasons the jurisdictional amount is satisfied because Plaintiffs' "claims are based on a common undivided interest because if one or two plaintiffs dropped his or her claim, the shares of the remaining plaintiffs or plaintiffs would undoubtedly increase." (ECF No. 18 p. 5) The Court disagrees. "The separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the amount in controversy requirement." *Ahmed v. GCA Prod. Servs., Inc.*, 249 F.R.D. 322, 325 (D. Minn. 2008) (citation omitted). Only where the claim is based on a common undivided interest may multiple plaintiffs aggregate their claims to satisfy the jurisdictional requirement. *Id.* However, specific to this case, while the Plaintiffs seek damages under the same insurance policy, they each have a separate and distinct cause of action against Country Preferred from the individual harm each suffered. *See Burks v. Acceptance Cas. Ins. Co.*, No. 5:11CV00148 JLH, 2011 WL 3475485, at *3 (E.D. Ark. Aug. 9, 2011) (finding plaintiffs' claims arising from the same automobile accident could not be aggregated to achieve the minimum amount in controversy for diversity of citizenship jurisdiction).

Here, the Court finds Plaintiffs' claims may not be aggregated, and Defendant has failed to meet its burden of demonstrating by a preponderance of the evidence that the individual damages in this case exceed the jurisdictional amount. *Tripp v. Kline*, No. 406CV01252 ERW, 2007 WL 844821, at *3 (E.D. Mo. Mar. 19, 2007) ("Defendants have not presented evidence, and the Court's review of the record does not support a finding that Plaintiffs' claims are based on a common undivided interest. Consequently, Plaintiffs' individually claimed losses cannot be

5

aggregated to gain jurisdiction and removal to this Court was improper."). Therefore, the Court finds that the jurisdictional amount has not been met in this case, and the Court will remand the case to the Circuit Court of St. Louis City, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (ECF No. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 10) is **DENIED** as **MOOT.**

**IT IS FINALLY ORDERED** that this case is **REMANDED** to the Twenty-Second Judicial Circuit Court, St. Louis City, State of Missouri, from which it was removed. An Order of Remand accompanies this Memorandum and Order.

Dated this 19th day of November 2019.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**